UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HERMINIO ROBLES JR.,

                                  Plaintiff,

                  -v-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") THOMAS DONOHUE,
and P.O. RICHARD DIXON, in their individual
capacities,

                                Defendants.
------------------------------------------------------------------------x

**AMENDED COMPLAINT AND
DEMAND FOR A JURY TRIAL**

Index No. 17-CV-04037 (RJS)

      Plaintiff Herminio Robles Jr., through his attorney Gillian Cassell-Stiga of Beldock

Levine & Hoffman, LLP, as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and
   Fourteenth Amendments of the Constitution of the United States, through the Civil Rights
   Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the
   laws of the State of New York.

2. Plaintiff's rights were violated when officers of the New York City Police Department
   ("NYPD") unconstitutionally and without any legal basis seized, assaulted, detained,
   arrested, and searched him.  By reason of defendants' actions, including their unreasonable
   and unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. As authorized by New York General Municipal Law § 50-e, Mr. Robles filed a timely Notice of Claim with the New York City Comptroller on or about June 24, 2016. Thus, this Court has supplemental jurisdiction over Mr. Robles' claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Mr. Robles's claims have not been adjusted by the New York City Comptroller's Office.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

9. Plaintiff Herminio Robles Jr. is and was at all times relevant to this action, a resident of Bronx County in the State of New York.

10. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. New York City Police Department Officer ("P.O.") Thomas Donohue and Richard Dixon (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The individual defendants are being sued in their individual capacities.

13. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

15. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

16. On May 27, 2016, in the evening, Herminio Robles Jr. was unlawfully assaulted and arrested by NYPD transit officers while inside the Fordham Road subway station in Bronx County in the State of New York.

17. Shortly before his arrest, Mr. Robles was waiting at a machine located within the subway station to check whether his subway card had a transfer.

3

18. Without warning, Mr. Robles was abruptly thrown to the ground by the individual defendants causing Mr. Robles injury.

19. Mr. Robles began to cry.

20. The individual defendants made fun of the fact Mr. Robles was crying and mocked him.

21. The individual defendants placed Mr. Robles in handcuffs and brought him to a room inside the station.

22. Mr. Robles was searched and questioned.

23. Less than two hours later, the individual defendants removed the handcuffs from Mr. Robles wrists and allowed him to leave.

24. Mr. Robles had committed no criminal acts and his arrest was unsupported by probable cause or a reasonable suspicion.

25. As a result of his assault, handcuffing and arrest, Mr. Robles suffered injuries to his left hand and wrist, bruising and abrasions, and experienced pain, suffering, mental anguish, and humiliation.

**FIRST CLAIM**
**DEPRIVATION OF RIGHTS**
**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**
(*Against the individual defendants*)

26. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable

seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) failure to intervene to prevent the complained of conduct.

28. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983
### (*Against defendant the City of New York*)

29. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. At all times material to this complaint, defendant the City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including a history, pattern and practice of conducting suspicionless stops and frisks and employing excessive force attendant to such stops. The history of these policies, patterns, and practices are detailed by previous class action lawsuits:

   a. *Daniels, et al. v. The City of New York, et al.*, 99 Civ. 1695 (SAS) (S.D.N.Y. filedd March 8, 1999). The action resulted in a Stipulation the required, *inter alia*, the NYPD to produce quarterly data concerning the NYPD stop and frisk activity which is contained in its UF-250 forms.

   b. *Floyd, et al. v. The City of New York, et al.*, 08 Civ. 01034 (S.D.N.Y. filed January 31, 2008). The data revealed as a result of the Stipulation in *Daniels* led to a second class action, again alleging an ongoing policy, practice and/or custom of suspicionless stop and frisks, and in particular race-based abuse in the NYPD's stop and frisk

practices as well as a policy, practice, and/or custom of utilizing excessive force
attendant to stop and frisks.

31. In particular, the use of excessive force attendant to stop, question, and frisks is detailed by
publications and agencies reviewing the NYPD's policies, practices, and customs.

    a. *Pockets of City See Higher Use of Force During Police Stops*, Ray Rivera, The New
York Times, August 15, 2012, available at
<http://www.nytimes.com/2012/08/16/nyregion/in-police-stop-data-pockets-where-
force-is-used-more-often.html?mcubz=0> (last accessed September 9, 2017).

    b. *Analysis of Police Use of Force in the New York Stop and Frisk Policy*, Ishrat Zarin
Alam, The University of North Carolina at Chapel Hill, April 10, 2015, available at
<https://cdr.lib.unc.edu/indexablecontent/uuid:a3235bfe-49d8-4274-abed-
a4de82652ba5> (last accessed September 9, 2017). The report analyzes data
concerning force utilized attendant to stop and frisks, determining the use of force is
driven by factors other than perceived danger to the officer or the need to effectuate
an arrest.

32. At all times material to this complaint, defendant the City of New York failed to properly
train, screen, supervise, or discipline its employees and police officers, including individual
defendants, and failed to inform the individual defendant's supervisors of their need to train,
screen, supervise or discipline the individual defendants.

33. The policies, practices, customs, and usages, and the failure to properly train, screen,
supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct
alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as

guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, physical injury, humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST AND FALSE IMPRISONMENT
## UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. By the actions described above, the individual defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.

37. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

38. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

39. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM FOR RELIEF
## ASSAULT AND BATTERY
## <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
### (*Against all defendants*)

40. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. By the actions described above (namely, forwarding false information to other police officers, resulting in the custodial arrest of plaintiff), the individual defendants did inflict assault and battery upon plaintiff. The acts and conduct of individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

42. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

43. As a result of the foregoing, Plaintiff suffered emotional distress, humiliation, and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENCE
## <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
### (*Against all defendants*)

44. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. Defendants owed a duty of care to Plaintiff to prevent the physical, mental, and economic damages sustained by Plaintiff. Under the same or similar circumstances, a reasonable,

prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

46. Defendants jointly and severally, negligently caused injury, pain and suffering, emotional distress, and damage to Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

47. Defendant City negligently hired, screened, retained, supervised, and trained the individuals defendants.

48. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

**SIXTH CLAIM FOR RELIEF**
**RESPONDEAT SUPERIOR LIABILITY**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
*(Against the City of New York)*

49. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

50. The conduct of the individual defendants as alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as police officers and/or while they were acting as agents and employees of the City of New York and, as a result, the City of New York, is liable to the plaintiff pursuant to state common law doctrine of respondeat superior.

51. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
### (*Against all defendants*)

52. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

53. By the actions described above, defendants engaged in extreme and outrageous conduct, which negligently caused severe emotion distress to Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## EIGHTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## <u>UNDER THE LAWS OF THE STATE OF NEW YORK</u>
### (*Against all defendants*)

55. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

56. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally caused severe emotion distress to Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## JURY DEMAND

58. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.   That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

b.   That he be awarded punitive damages against the individual defendants; and

c.   That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.   For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         September 26, 2017

                              Respectfully submitted,

                    By:       _____
                              Gillian Cassell-Stiga
                              Beldock Levine & Hoffman, LLP
                              *Attorneys for the Plaintiff*
                              99 Park Avenue, PH/26th Floor
                              New York, New York 10016
                              t: 212-490-0400

11